64 F.3d 672
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paciencia I. GUZMAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3279.
 United States Court of Appeals, Federal Circuit.
 July 10, 1995.
 
 Rehearing Denied; Suggestion for Rehearing In Banc Declined
 Nov. 8, 1995.
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The Office of Personnel Management moves for summary affirmance of the Merit System Protection Board's decision holding that Paciencia I. Guzman was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. The court accepts Guzman's untimely opposition.
 
 
 2
 Guzman was employed by the Department of the Air Force at Clark Air Base, Philippines from 1950 until 1960 and from 1962 until 1973, when she reached mandatory retirement age. In 1993, Guzman applied for retirement benefits under the CSRA. OPM denied Guzman's application, and she appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Guzman's service from 1962 until 1973 was under a series of appointments limited to one year or less, intermittent appointments or excepted, indefinite appointments, all of which were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(1), (a)(6) and (a)(13). The AJ also determined that Guzman had received a refund of her retirement contributions for her service from 1950 until 1960. The AJ concluded that Guzman had forfeited her right to an annuity when she accepted the refund and that she was not eligible to redeposit the amount because she was not subsequently reemployed subject to the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8342(a); 5 U.S.C. Sec. 8347(g). Guzman petitioned this court for review.
 
 
 3
 This court recently considered one of the issues raised by Guzman. In Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed. Cir. 1995), Juanita Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that Guzman was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, Rosete is dispositive only in regard to the AJ's determination that Guzman's later service was not covered service within the meaning of the CSRA. From 1962 until 1973, Guzman served either under Rosete-like indefinite appointments in the excepted service or under temporary or intermittent appointments that are specifically excluded from CSRA coverage by statute. See 5 U.S.C. Sec. 8347(g). Further, the Board found that there was no evidence that Guzman made contributions to the civil service retirement fund or that she was otherwise subject to the CSRA.
 
 
 5
 With regard to the AJ's determination that Guzman was not entitled to retirement benefits based on her earlier service because she had received a refund of her retirement contributions, we consider whether that determination may be summarily affirmed in accordance with our holding in Yarbrough v. Office of Personnel Management, 770 F.2d 1056 (Fed. Cir. 1985). In Yarbrough, we held that an employee's annuity rights were forfeited where the employee received a lump-sum payment of her retirement contributions and was never reemployed in the civil service after her separation. Yarbrough, 770 F.2d at 1060. Similarly, Guzman forfeited her annuity rights when she received a refund of her retirement contributions and was not reemployed in a position covered under the CSRA.
 
 
 6
 In her reply, Guzman argues that Rosete was wrongly decided. However, we are bound by this court's holding in Rosete.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) OPM's motion for summary affirmance is granted.
 
 
 9
 (2) Each side shall bear its own costs.